The STATE of Ohio, Appellee,

v.

HILEMAN, Appellant.

[Cite as *State v. Hileman* (1998), 125 Ohio App.3d 526.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA96–10–219.

Decided Feb. 2, 1998.

*Samuel D. Borst,* Hamilton City Prosecutor, for appellee.

*Robert G. Mitchell II,* for appellant.

WALSH, Judge.

Defendant-appellant, Flora Hileman, appeals from the judgment of the Hamilton Municipal Court finding her guilty of the charge of cruelty to animals and ordering her to pay restitution to the Humane Association of Butler County.

On August 20, 1996, appellant was charged with cruelty to animals when thirteen sick and malnourished animals were found in her care. On September 30, 1996, a pretrial hearing was held. In an entry dated October 29, 1996, following a plea of no contest, the trial court found appellant guilty and sentenced her. As part of her sentence, appellant was ordered to pay $2,459.66 in restitution to the humane society to reimburse the agency for the costs of caring for the animals after they were removed from her premises. Appellant filed this appeal, presenting two assignments of error for review.

In her first assignment of error, appellant contends that the trial court erred by not complying with Crim.R. 11(E) when it accepted her plea of no contest. Crim.R. 11(E) applies to misdemeanor cases involving petty offenses and requires the trial court to inform a defendant of the effect of a plea of no contest before accepting such a plea.

As an initial matter, we note that appellant has failed to provide this court with the necessary portion of the transcript in which appellant entered her plea. See App.R. 9.

"The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript

necessary for resolution of the assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 220, 400 N.E.2d 384, 385. See, also, *State v. Shilling* (Dec. 30, 1996), Washington App. No. 96 CA 30, unreported, 1996 WL 748394.

■ In this instance, appellant did not provide us with a transcript of the portion of the hearing in which she entered her plea, even though this court directed appellant to supplement the record with a transcript of the arraignment. This court has no way of deciding whether the trial court fully complied with Crim.R. 11 or whether appellant was informed of the effect of her plea. Thus, this court must presume that the proceedings in the trial court were valid. The first assignment of error is overruled.

In her second assignment of error, appellant complains that the trial court erred in ordering restitution where the offense did not involve damage to property.

R.C. 2929.21(E) states:

"The court may require a person who is convicted of or pleads guilty to a misdemeanor to make restitution for all or part of the *property damage* that is caused by the offense * * *." (Emphasis added.)

■ Courts interpreting R.C. 2929.21(E) have held that it permits restitution only for damage to real or personal property but not related expenses. See *State v. Watkins* (1994), 96 Ohio App.3d 195, 197–198, 644 N.E.2d 1049, 1050; *State v. Theuring* (1988), 46 Ohio App.3d 152, 546 N.E.2d 436, paragraph five of the syllabus; *State v. Miller* (Feb. 23, 1994), Wayne App. No. 2820, unreported, 1994 WL 64338. In addition, in *State v. Orr* (1985), 26 Ohio App.3d 24, 26 OBR 192, 498 N.E.2d 181, the Eleventh District Court of Appeals held under similar circumstances that expenses incurred by an humane society do not constitute "property damage" under R.C. 2929.21(E). See, also, *Eastlake v. Kosec* (1985), 29 Ohio App.3d 259, 260, 29 OBR 322, 323, 504 N.E.2d 1180, 1181–1182 (veterinarian's charges incurred after dogs were confiscated by humane society did not constitute "property damage" for which restitution could be ordered).

■ In this case, appellant was ordered to make restitution to the humane society for expenses incurred in caring for animals that were removed from her home. We find that such expenses do not constitute property damage. Accord-

ingly, the trial court erred in ordering restitution to the humane society for those costs. The second assignment of error is sustained.

The judgment is affirmed in part and reversed in part.

*Judgment accordingly.*

KOEHLER, J., concurs.

WILLIAM W. YOUNG, P.J., concurs separately.

WILLIAM W. YOUNG, Presiding Judge, concurring separately.

Animals are "property" and it would seem logical that if they are not properly cared for they would suffer damage. However, I feel compelled to follow the reasoning contained in *State v. Orr* (1985), 26 Ohio App.3d 24, 26 OBR 192, 498 N.E.2d 181, wherein Judge Cook found that expenses for care of animals did not constitute property damage and were not subject to restitution.

It would appear that such cases are occurring on a frequent basis and that the legislature should address the problem of restitution in a prosecution for cruelty to animals.