The present appeal emanates from the decision of the Struthers Municipal Court sentencing Richard Harshbarger following his no contest plea to one count of driving under the influence of alcohol. For the reasons set forth below, the decision of the trial court is affirmed.
 I. FACTS
On July 30, 1998, Richard Harshbarger (appellant) was cited for driving under the influence of alcohol, a violation of Struthers City Ordinance 333.01(A)(1), and for driving upon a road which had been posted as closed, a violation of Struthers City Ordinance 331.26. Initially appellant entered pleas of not guilty and waived his right to a speedy trial. Subsequently, on August 7, 1998 appellant filed a motion to suppress on the basis that the arresting officers lacked the requisite reasonable suspicion in order to effectuate an initial stop. The trial court conducted a hearing to address said motion on November 4, 1998. Ultimately, the motion was denied based upon the evidence and testimony elicited at the hearing. Having failed in regards to his motion to suppress, appellant chose to withdraw his not guilty plea and entered a plea of no contest. In light of this plea, the trial court found appellant guilty of driving under the influence of alcohol, sentenced him to ten days in jail, levied a $300 fine and instituted a one year period of reporting probation. It is from this decision which appellant filed a timely notice of appeal on December 24, 1993.
 II. ASSIGNMENT OF ERROR
Appellant's sole assignment of error on appeal reads as follows:
 "THE INITIAL STOP OF DEFENDANT'S VEHICLE WAS ILLEGAL BECAUSE THE OFFICER DID NOT HAVE A REASONABLE SUSPICION THAT DEFENDANT/APPELLANT HAD VIOLATED ANY TRAFFIC LAWS AND ANY STATE EVIDENCE ARISING THEREFROM SHOULD BE SUPPRESSED."
In appellant's assignment of error it is alleged that the trial court erred when it denied the motion to suppress because the arresting officers could not establish the existence of a reasonable suspicion that appellant was involved in any criminal activity. However, this court is not able to address the merits of this assignment of error as appellant has failed to provide a full and complete transcript of the trial court's proceedings as required by App.R. 9. While appellant did file a "request for transcript" at the time the notice of appeal was filed, he failed to ensure that the transcript of proceedings was filed as part of the record on appeal.
It is well settled that appellant bears the responsibility of providing a transcript of the trial court's proceedings:
 "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for the resolution of the assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." State v. Hileman (1998), 125 Ohio App.3d 526, 527-28 quoting Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
In addition to his failure to provide this court with an actual transcript of proceedings as provided by App.R. 9(B), appellant has not availed himself of the alternatives provided in App.R. 9(C), (D) and (E).[1] Consequently, it is apparent that appellant failed to comply with his duties as set forth by the Appellate Rules of Procedure. Hileman and Knapp, supra. See, also, Kollar v. Canfield Automotive Repair Serv. (Dec. 17, 1992), Mahoning App. No. 91-CA-82, unreported.
It should be noted that appellant is not saved by the fact that he made a written request for the transcript at the time he filed his notice of appeal. As the Ohio Supreme Court clearly stated inKnapp, the duty of an appellant is to provide a transcript of proceedings rather than merely requesting such. Id. at 199. This position has similarly been adopted by the Fifth District Court of Appeals when it decided State v. Ridgway (Feb. 1, 1999), Stark App. No. 1998CA00147, unreported. As in the present case, the appellant in Ridgway requested by motion that a transcript be prepared in regards to the appeal. However, a transcript was never actually filed in the case. In relying upon Knapp, the court concluded that the failure to provide those portions of the transcript necessary for a resolution of the assigned errors lead to a presumption of the regularity of the trial court's proceedings. Id. at 1.
In the present matter, appellant challenges the trial court's decision overruling the motion to suppress. The basis for this argument was that a reasonable suspicion did not exist in order to permit the arresting officers to confront appellant. Since our determination of this matter requires a review of the arresting officers' testimony at the hearing, we are unable to proceed on the merits.
For the foregoing reasons, the decision of the trial court is affirmed.
DONOFRIO, J. concurs, and WAITE, J., concurs.
APPROVED:
 _____________________________ JOSEPH J. VUKOVICH, JUDGE
[1] It has come to this court's attention that some trial courts in this district have adopted the practice of recording their proceedings on audio cassette rather than having a court stenographer transcribe the proceedings. After a set number of days have passed without a request for a transcript, the trial court will then erase or tape over the audio cassette thereby destroying any record of the proceedings. While there has been no indication that appellant was deprived of a transcript in this case as a result of these procedures, trial courts should be advised that if this court is presented with the proper set of circumstances in future cases, we will not hesitate to reverse for further proceedings due to the court's failure to preserve the record.