SNADER et al., Appellees,

v.

JOB MASTER SERVICES et al., Appellants.

[Cite as *Snader v. Job Master Serv.* (2000), 136 Ohio App.3d 86.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

Nos. 99CA0002, 99CA0003.

Decided Jan. 5, 2000.

---

14. See, *e.g., Kenty v. Transamerica Premium Ins. Co.* (1995), 72 Ohio St.3d 415, 650 N.E.2d 863.

88

*David C. Knowlton,* for appellants.

*Mark W. Altier,* for appellees.

*Edward A. Dark,* for appellee, Wayne Mutual Insurance Company.

WHITMORE, Judge.

Defendants, Job Master Services and Dave Scott, have appealed from a judgment of the Wayne County Court of Common Pleas that (1) found that they negligently damaged the property of plaintiffs, Michele and Mathew Snader, and awarded damages to plaintiffs Michele Snader, Mathew Snader and Wayne Mutual Insurance Company, and (2) found in favor of plaintiffs Michele and Mathew Snader on defendants' counter-claim for breach of contract. This court affirms.

## I.

On October 27, 1997, Michele and Mathew Snader filed a complaint against defendants. The complaint alleged that defendants negligently damaged their property. Defendants filed a counterclaim against the Snaders for breach of contract. Pursuant to the Snaders' policy of homeowners insurance, Wayne Mutual Insurance Company ("Wayne Mutual") paid on behalf of its insured $1,150 for the damage caused by defendants. Wayne Mutual filed a complaint against defendants in Wayne County Municipal Court. Thereafter, Wayne Mutual was added as a plaintiff in the instant action.

After a bench trial, the trial court entered judgment in favor of plaintiffs, finding that defendants negligently damaged the Snaders' property. The trial court awarded the Snaders $435 and Wayne Mutual $1,150 in compensatory damages. The trial court further found that defendants' actions resulted in a material breach of the contract that justified the Snaders' termination of the contract. Accordingly, the trial court entered judgment in favor of plaintiffs on defendants' counter-claim. Defendants timely appealed, asserting two assignments of error. The Snaders also appealed from the trial court's judgment, asserting two assignments of error. The appeals were consolidated for purposes of review.

## II.

### A.

Defendants have asserted the following errors:

### Assignment of Error I

"The trial court's judgment awarding damages to Snaders in the amount of $250, and Wayne Mutual Insurance Company in the amount of $1,150, is against the manifest weight of the evidence."

### Assignment of Error II

"The trial court's judgment in favor of Plaintiffs on Defendants' counterclaim is against the manifest weight of the evidence."

Because they are related, this court will address both of defendants' assignments of error together. Essentially, defendants have argued that the judgment of the trial court was against the manifest weight of the evidence.

When evaluating whether a judgment is against the manifest weight of the evidence in a civil context, the standard of review is the same as that in the criminal context. *Frederick v. Born* (Aug. 21, 1996), Lorain App. No. 95CA006286,

unreported, at 14, 1996 WL 471219. In determining whether a criminal conviction is against the manifest weight of the evidence:

" 'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.' " *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 547 quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 218–219, 485 N.E.2d 717, 720–721; see, also *State v. Otten* (1986), 33 Ohio App.3d 339, 340, 515 N.E.2d 1009, 1010–1011.

■ Accordingly, before an appellate court will reverse a judgment as against the manifest weight of the evidence in a civil context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice.

Pursuant to App.R. 9(B), an appellant who wishes to assert that a finding or conclusion is unsupported by the evidence or against the manifest weight of the evidence shall include in the record "a transcript of all evidence relevant to the findings or conclusion." App.R. 9(B) further provides:

"Unless the entire transcript is to be included, the appellant, with the notice of appeal, shall file with the clerk of the trial court and serve on the appellee a description of the parts of the transcript that the appellant intends to include in the record, a statement that no transcript is necessary, or a statement that a statement pursuant to either App.R. 9(C) or 9(D) will be submitted, and *a statement of the assignments of error the appellant intends to present on the appeal.*" (Emphasis added.)

Once an appellant states the portions of the transcript that he or she is requesting and his or her intended assignments of error, if the appellee believes that other portions of the transcript are necessary, the appellee shall, within ten days after service of the statement of the appellant, inform the appellant of those portions of the transcript that should be included. App.R. 9(B).

On January 4, 1999, in addition to their notice of appeal, defendants filed a praecipe to the court reporter, requesting the preparation of a transcript of the proceedings that occurred on October 5, 1998. Pursuant to App.R. 10, the record, including a complete transcript of proceedings, was due on February 16, 1999. On February 16, 1999, the record, consisting of only the docket and journal entries, was filed by the clerk of courts. Subsequently, on March 4, 1999, defendants moved this court for leave to file a supplement to the record that

consisted of a partial transcript of proceedings. Also, defendants filed a notice of filing of a partial transcript of proceedings. That notice stated that,"the transcript intended to be included in the record herein includes the testimony of David Scott and Stephen R. Doyle." This court granted defendants leave to supplement to record. It is important to note that defendants did not file a statement of the assignments of error that they intended to present on the appeal as required by App.R.9(B).

On March 24, 1999, defendants' brief was filed. On April 5, 1999, Wayne Mutual moved this court to dismiss this action based on defendants' failure to file the entire transcript with this court. Wayne Mutual asserted that seven witnesses testified at the trial in this matter. Five of those witnesses were presented by plaintiffs. Wayne Mutual asserted that each of those witnesses testified as to damages, exhibits, negligence, and breach of duty of care. Wayne Mutual, therefore, asserted that this court could not rule on the weight of the evidence when it did not have all of the relevant evidence. This court denied the motion to dismiss and held that whether the record supported defendants' assignments of error would be determined on appeal.

 Because defendants failed to notify plaintiffs that the assignments of error would assert that the trial court's judgment was against the manifest weight of the evidence, plaintiffs were denied their opportunity to inform defendants of the portions of the record they believed were necessary. As the appellants, defendants had the responsibility of providing this court with a record of the facts, testimony, and evidence in support of their assignments of error. *Volodkevich v. Volodkevich* (1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237, 1238–1239. Due to defendants' failure to comply with App.R. 9(B), this Court does not have the complete record of the proceedings necessary to review defendants' assignments of error.

"When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 220, 400 N.E.2d 384, 385.

 Thus, in the absence of a complete record, this court must presume regularity in the trial court's proceedings and accept its judgment. *Wozniak v. Wozniak* (1993), 90 Ohio App.3d 400, 409, 629 N.E.2d 500, 506. Because the partial transcript does not contain all of the evidence relevant to defendants' assignments of error, this court cannot conclude that the trial court's judgment

was against the manifest weight of the evidence. Defendants' assignments of error are overruled.

### B.

Plaintiffs have asserted the following errors:

### Assignment of Error I

"The trial court's judgment in awarding damages to [plaintiffs] and to Wayne Mutual Insurance is not contrary to the manifest weight of the evidence adduced at trial hereinbelow [sic] but was a sound exercise of the judicial discretion of the trial judge as the trier of fact based upon his assessment of the evidence presented, and, in fact, the failure of the trial court to awarded [sic] the [plaintiffs] additional damages as demonstrated at trial was contrary to law and the manifest weight of the evidence."

### Assignment of Error II

"The trial court's judgment in favor of [plaintiffs] and against [defendants] on [defendants'] counter-claim was not contrary to the manifest weight of the evidence adduced at trial."

In their first assignment of error, plaintiffs have asserted that the trial court's failure to award additional damages was contrary to law and against the manifest weight of the evidence. Because a review of plaintiffs' first assignment of error also hinges upon an evaluation of the evidence presented at trial, this court must presume the validity of the trial court's proceedings and affirm. Plaintiffs, as cross-appellants, had a duty to provide this court with a record of the facts, testimony, and evidence in support of their assignments of error. See *Volodkevich*, 48 Ohio App.3d at 314, 549 N.E.2d at 1238–1239. Plaintiffs failed to provide this court the portions of the transcript necessary for review of their assignment of error. Because the partial transcript does not contain all of the evidence relevant to the damages issue, this court cannot conclude that the trial court's judgment was against the manifest weight of the evidence. Accordingly, plaintiffs' first assignment of error is overruled.

In their second assignment of error, plaintiffs have argued that the judgment of the trial court regarding defendants' counterclaim was not contrary to law. In essence, they have asserted that the trial court's judgment was correct. As such, plaintiffs have failed to allege an error in the trial court's judgment. See App.R. 16(A)(3); Loc.R. 7(A)(2). Accordingly, this court disregards plaintiffs' second assignment of error on the basis that this court has no alleged error to review. See App.R. 12(A)(2).

### III.

Defendants' assignments of error are overruled. Plaintiffs' assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and BATCHELDER, J., concur.