DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Lucas County Court of Common Pleas. There, appellant was convicted and sentenced on one count of rape and two counts of abduction. Because we conclude that appellant's plea was knowingly, voluntarily and intelligently made, we affirm.
On December 13, 1997, three teenage females attended a high school basketball game held at the University of Toledo's Savage Hall. After the game, the three girls went outside to wait for their ride, but it never arrived. As the hour grew late, the three girls accepted a ride from appellant, Shannon Thompson, who had also attended the game. Appellant agreed to take the girls to a nearby teenage nightclub. However, without the girls' permission, appellant drove them to another location in South Toledo. Appellant indicated to the girls that he was going to teach them not to take rides from strangers. He also told them he was going to have sexual intercourse with each of them. Appellant then displayed what appeared to be a handgun. Two of the girls escaped, but the third girl did not. Appellant then drove her to another location and forced her to engage in sexual intercourse with him.
On May 18, 1999, appellant entered an Alford plea on the rape count and two abduction counts. Appellant also admitted to a probation violation related to earlier aggravated robbery convictions in the Lucas County Court of Commons Pleas.
On June 1, 1999, appellant was sentenced to serve terms of imprisonment of nine years for rape and four years each for the abductions. The sentences were to be served consecutively, resulting in seventeen years imprisonment. With respect to the probation violation, the court ordered that two sentences of three to fifteen years be served concurrently, but consecutive to the seventeen year sentence imposed on the rape and abduction charges. It is from this judgment that appellant appeals, setting forth the following sole assignment of error:
 "APPELLANT-DEFENDANT'S PLEA WAS NOT MADE KNOWINGLY, VOLUNTARILY OR INTELLIGENTLY, WHEN THAT PLEA WAS BASED UPON A PROMISE MADE BY THE COURT WHICH WAS NEVER MADE A PART OF THE RECORD IN VIOLATION OF RULE 11(F) OF THE OHIO RULES OF CRIMINAL PROCEDURE AND IN VIOLATION OF APPELLANT-DEFENDANT'S DUE PROCESS RIGHTS AND BY FAILING TO MAKE A DETERMINATION THAT THE DEFENDANT UNDERSTOOD THE CONSEQUENCES OF ENTERING A PLEA OF GUILTY."
Appellant complains that he was not informed of the effect of his plea on his prior probation. Appellant pled guilty pursuant to North Carolina v. Alford (1971), 400 U.S. 25, 28. Crim.R. 11(C) applies to pleas of guilty and no contest in felony cases. In accepting a guilty plea, a trial court must substantially comply with the requisites of Crim.R. 11(C). Statev. Stewart(1977), 51 Ohio St.2d 86, 92-93. Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. State v. Carter (1979), 60 Ohio St.2d 34,37-38. In this case, the record indicates that the trial court personally addressed the defendant during his plea hearing and informed him of his constitutional rights as contained in Crim.R. 11(C).[1]
We have carefully reviewed the record in this matter and conclude the trial court substantially complied with the requirements of Crim.R. 11(C) in accepting appellant's guilty plea. Furthermore, when asked if appellant understood his rights as explained to him, he answered in the affirmative. The record is devoid of anything to suggest that appellant's guilty plea was made involuntarily or without knowledge.
Appellant argues that the trial court violated Crim.R. 11(F)[2] by not making a part of the record a promise it made to him regarding his probation violation. Crim.R. 11(F) requires that any negotiated pleas of guilty or no contest be made a part of the record. Crim.R. 11(F) applies only to negotiated pleas of guilty or no contest to one or more offenses charged or to one or more lesser offenses; it does not provide for negotiation for punishment to be imposed since that is a matter expressly determined either by statute or within the sound discretion of the court. State v. Mathews (1982) 8 Ohio App.3d 145,146.
The record reflects that appellant's negotiated plea of guilty was made a part of the record. Appellant, nevertheless, contends that he made a side agreement with the trial court concerning his probation violation which was not made a part of the record. When the transcript, which is necessary for the resolution of assigned errors, is not complete, the reviewing court has nothing to pass upon, and as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings. State v. Hileman (1998), 125 Ohio App.3d 526,527-28, quoting Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. We have thoroughly inspected the record and fail to find anything pertaining to an agreement made between the trial court and appellant concerning his probation violation.
Accordingly, since our review is limited to what is of record, we find appellant's sole assignment of error not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
Melvin L. Resnick, J., James R. Sherck, J., Mark L. Pietrykowski,J., JUDGES CONCUR.
 ____________________________ SHERCK, J.
[1] Crim.R 11(C) states in pertinent part:
"* * *
 "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
[2] Crim.R. 11(F) states:
 "When, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court."