OPINION
Appellant, Paul R. Collier, Jr., appeals a judgment entry of the Harrison County Common Pleas Court affirming an order of the State Personnel Board of Review (SPBR) affirming his removal from employment at the Harrison County Auditor's Office.
On June 30, 1999, appellant filed a notice of appeal in the Harrison County Common Pleas Court directed to an order issued on June 17, 1999, by the SPBR. Subsequently, counsel for appellant and appellee, the Harrison County Auditor, filed merit briefs.
On June 12, 2000, the trial court filed a judgment entry reflecting that the matter had come upon "review of the record." The court went on to affirm the order of the SPBR, dated June 17, 1999, which adopted the May 4, 1999 Report and Recommendation of the Administrative Law Judge. Inexplicably, the court filed an identical judgment entry on June 21, 2000. Appellant filed a timely notice of appeal, directed to both entries, with this court.
In the case of removal for disciplinary reasons, an employee can appeal from the decision of the SPBR to the court of common pleas of the county in which the employee resides. Davis v. State Personnel Bd. of Rev. (1980), 64 Ohio St.2d 102, syllabus; R.C. 124.34(B). Additionally, the decision is appealable pursuant to and in accordance with the procedure provided by R.C. 119.12. Pitts v. Dept. of Transp. (1981),67 Ohio St.2d 378, paragraph two of the syllabus; R.C. 124.34(B). Once the court of common pleas has rendered judgment on the appeal, the employee may appeal further to the court of appeals in accordance with the Rules of Appellate Procedure. R.C. 119.12.
In this case, appellant has failed to provide the complete record of the proceedings before the SPBR and a full and complete transcript of the trial court's proceedings as required by App.R. 9. This court has repeatedly stressed that it is an appellant's responsibility to provide
the court with a record of the facts, testimony, and evidence in support of their assignments of error. City of Youngstown v. McDonough (Dec. 12, 2000), Mahoning App. No. 00 C.A. 19, unreported, 2000 WL 1847662;McCready v. Guthrie (June 13, 2000), Mahoning App. No. 99 C.A. 52, unreported, 2000 WL 817069; Brunswick v. Diana (June 13, 2000), Mahoning App. No. 99 C.A. 108, unreported, 2000 WL 817070; City of Struthers v.Harshbarger (Dec. 27, 1999), Mahoning App. No. 98 C.A. 253, unreported, 1999 WL 1279152, application for reconsideration denied (Oct. 4, 2000), Mahoning App. No. 98 C.A. 253, unreported. See, also, Snader v. JobMaster Svcs. (2000), 136 Ohio App.3d 86, 91.
"The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. See, also, Snader, supra;State v. Hileman (1998), 125 Ohio App.3d 526, 527-28.
Each of appellant's assigned errors makes reference to portions of the transcript and the record of the proceedings before the SPBR. Appellant has failed to provide this court with those necessary items. Therefore, this court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.
The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
Waite, J., concurs.