OPINION
Counterclaim plaintiff-appellant Kenneth W. Cupp ("Cupp") brings this appeal from the judgment of the Court of Common Pleas of Allen County finding in favor of counterclaim defendant-appellee Farmers Commission Co. ("Farmers").
On May 7, 1997, Cupp went to Farmers to place an order for herbicides to be applied to three of his corn fields. After some discussion, a weed control spray program ("the formula") was set. Farmers then sprayed the formula on Cupp's fields. Within a couple of days, the weeds began to turn yellow. After several days, the weeds began to become green again. Cupp then contacted Farmers and Brian Miller was eventually sent out to review the situation. In July of 1997, Cupp planted a fourth field of corn. Farmers sprayed the field with the formula on July 18, 1997. Again the weeds yellowed, but recovered.
On October 23, 1998, Farmers filed a complaint against Cupp for $3,401.79 due on his account. Cupp then filed a counterclaim for the lost yield of his crop due to the weeds. Farmers filed a motion for summary judgment on its claim on March 1, 1999. On September 10, 1999, the trial court granted Farmers motion for summary judgment on the account. Cupp's counterclaim then proceeded to trial before the court on June 25, 2001. On July 24, 2001, the trial court entered judgment in favor of Farmers. It is from this judgment that Cupp appeals.
Cupp raises the following assignments of error.
 The trial court erred as a matter of law in its finding that the sale of goods by Farmers, a merchant of said goods, did not give rise to an implied warranty pursuant to R.C. 1302.27 and 1302.28 and in its findings that Farmers did not breach said warranties.
 The trial court erred in rendering a verdict in favor of Farmers on the counterclaim as said verdict is against the manifest weight of the evidence presented at trial.
In his first assignment of error, Cupp claims that Farmers breached implied warranties as set forth in R.C. 1302.27 and 1302.28. R.C. 1302.24
provides in pertinent part:
 (A) Unless excluded or modified as provided in [R.C. 1302.29], a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. * * *
 (B) Goods to be merchantable must be at least such as:
 * * *
 (3) are fit for the ordinary purposes for which such goods are used; and
 * * *
 (6) conform to the promises or affirmations of fact made on the container or label if any.
R.C. 1302.28 provides in pertinent part:
 Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under [R.C. 1302.29] an implied warranty that the goods shall be fit for such purpose.
Both of these sections are limited by R.C. 1302.29 which provides an exception for exclusion of implied warranties by the "course of dealing or course of performance or usage of trade." R.C. 1302.29. "A usage of trade is any practice or method of dealing having such regularity of observance in a place, vocation, or trade as to justify an expectation that it will be observed with respect to the transaction in question." R.C. 1301.11.
In this case, both parties agree that when the formula was sprayed on the fields, it did interact with the weeds causing them to yellow. However, the formula did not kill the weeds. Cupp's expert testified that just because weeds come up after being sprayed with the formula does not automatically mean that the formula was the wrong choice. According to Cupp's expert, the formula was a satisfactory choice as long as there wasn't grass over an inch tall in the fields. The man who sprayed the fields testified that he did not see any grass in the fields or he would have added additional ingredients to the formula.
Cupp testified that Farmers did not guarantee the effectiveness of the formula. Cupp's expert also testified that in his 39 years in the business, he had never given a guarantee that a herbicide will work because there are too many variables. Farmers expert testified that the industry standard is to not give guarantees about the effectiveness of herbicides. Based upon this testimony, the trial court could conclude that any implied warranties that the formula would kill the weeds was excluded by the general understanding in the business that sometimes weeds still thrive even after being sprayed.
The trial court found that there was no breach of warranty. The testimony indicated that the formula did interact with the weeds, even though it did not kill the weeds completely. The testimony also indicates that the formula was an appropriate choice for the fields, had worked in the past and was appropriately applied to the fields. Just because it did not work this time does not mean that the formula was defective and thus not usable for the purpose it was sold. Any guarantee about the result of applying the formula is excluded by the common understanding in the trade that results are never guaranteed. Thus, the trial court's finding of no breach of warranty is not against the evidence. The first assignment of error is overruled.
The second assignment of error raised by Cupp is that the verdict is against the manifest weight of the evidence. When determining whether a verdict is against the manifest weight of the evidence, the trial court reviews all the evidence and determines whether the verdict creates a manifest miscarriage of justice. Snader v. Job Master Svcs. (2000),136 Ohio App.3d 86, 735 N.E.2d 980.
As discussed above, the evidence indicates that although the formula did not have the desired results, it was an appropriate choice for the fields and had been successful in the past. We note that even though the desired result was not achieved with the first three fields in May of 1997, Cupp again had the formula sprayed on the fourth field in July of 1997. This shows that he had some confidence that the formula would work in the additional fields. Unfortunately, it did not. However, the evidence indicates that this situation sometimes occurs in farming. Some years are good and some are bad. This occurs because there are numerous variables that affect the outcome of the planting. Here, the evidence indicates that there were several reasons that Cupp's crop could be below average and that the failure of the formula to kill the weeds was only one. Thus, the evidence does not show that the verdict created a manifest miscarriage of justice. The second assignment of error is overruled.
The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment affirmed.
HADLEY and WALTERS, JJ., concur.