OPINION
{¶ 1} Defendant-appellant, Laroy C. Dock (Dock), and defendant-appellant, Curtis M. Bryant, Jr. (Bryant), appeal the decision of the Youngstown Municipal Court to accept their pleas of no contest to criminal charges. Appellants were convicted of the same crime and were represented by the same counsel. The two appeals were consolidated in the interest of judicial economy.
 {¶ 2} Both appellants were indicted by the Mahoning County Grand Jury for performing security services without a proper license or registration in violation of R.C. Sections 4749.13(A) and 4749.99, a misdemeanor of the first degree. Bryant was charged with one count and Dock was charged with three counts. At the change of plea hearing, which was held on September 24, 2001, Bryant entered a plea of no contest for his only charge, and Dock entered a plea of no contest for one of the three counts with which he was charged.
 {¶ 3} The Youngstown Municipal Court accepted the pleas and dismissed the two remaining counts against Dock. Both appellants were sentenced to 30 days of incarceration. The court then suspended the sentences, placed both appellants on probation, and imposed upon each appellant a fine of $100 and an order to pay the $60 court costs.
 {¶ 4} Both appellants filed an appeal, each assigning the identical assignment of error:
 {¶ 5} "APPELLANT'S PLEA OF GUILTY WAS NOT KNOWINGLY AND VOLUNTARILY MADE AS MANDATED BY OHIO'S CRIM. R. 11(E) AND THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION, THUS DENYING APPELLANT DUE PROCESS OF LAW."
 {¶ 6} Appellants' assignment of error asserts that the trial judge, in his oral colloquy, failed to advise appellants of their full constitutional rights. Appellants contend that Rule 11(E) and theFifth Amendment require the court to inform criminal defendants of the constitutional rights that they are waiving by entering a plea of no contest to a criminal charge. In order to determine whether the trial court failed to so inform appellants of their rights, the appellate court must look to the records and transcripts of the proceedings themselves. Only then can this court determine whether the trial court fulfilled its statutory obligations.
 {¶ 7} Appellants have failed to provide the complete transcript of the trial court proceedings as required by App.R. 9. This court has repeatedly stressed that it is an appellant's responsibility to provide the court with a record of the facts, testimony, and evidence in support of their assignments of error. City of Youngstown v. McDonough (Dec. 12, 2000), 7th Dist. No. 00 C.A. 19; Mcready v. Guthrie (June 13, 2000), 7th Dist. No. 99 C.A. 52; Brunswick v. Diana (June 13, 2000), 7th Dist. No. 99 C.A. 108; City of Struthers v. Harshbarger (Dec. 27, 1999), 7th Dist. No. 98 C.A. 253, application for reconsideration denied (Oct. 4, 2000), 7th Dist. No. 98 C.A. 253. See also, Snader v. Job Master Svcs. (2000),136 Ohio App.3d 96, 91.
 {¶ 8} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. See also, Snader, supra; State v. Hileman (1998), 125 Ohio App.3d 526,527-28.
 {¶ 9} As appellants have not submitted a transcript of the trial court proceedings, this court cannot determine whether or not the court acted properly within the context of appellants' assignment of error. Therefore, this court has nothing to pass upon and thus, as to that assigned error, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.
 {¶ 10} The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs.