OPINION
{¶ 1} In this appeal Cynthia Carr ("Appellant") challenges the judgment entered against her by the Youngstown Municipal Court denying her request to withdraw her no contest plea for the offense of speeding 53 miles per hour in a 35 mile per hour zone in violation of Youngstown City Ordinance § 333.03. The trial court subsequently imposed a sentence of 30 days in jail, with all but two of the days suspended, a fine of $250 plus court costs, and five years of non-reporting probation, during which time the court directed her to attend a remedial driving course. For the reasons that follow, this Court reverses the judgment in part and remands this matter to the trial court for further proceedings.
 {¶ 2} The record establishes that on May 17, 2000, Appellant received a speeding ticket. According to the citation issued, Appellant was traveling 50 miles per hour in a 35 mile per hour zone, namely, Shirley Road where it bisects Constantine in Youngstown, Ohio. On July 11, 2000, Appellant received another speeding ticket, this time for driving 53 miles per hour in a 35 mile per hour zone. The tickets, each alleging a single violation of Youngstown City Ordinance § 333.03, were given separate municipal case numbers. The matters were eventually consolidated before the same municipal court judge.
 {¶ 3} Section 333.03 characterizes speeding as a minor misdemeanor unless the offender was convicted of another traffic violation within the previous year. In that case, the offense becomes a misdemeanor of the fourth degree. See, § 333.99(a)(1)(B). If an offender sustains two or more violations within the previous year, the subsequent offense is enhanced to a third degree misdemeanor. § 333.99(a)(1)(C).
 {¶ 4} Appellant appeared in Youngstown Municipal Court on August 6, 2001. During that proceeding, the parties apparently entered into an agreement under Crim.R. 11. Appellant withdrew her plea of not guilty and entered a no contest plea to the July 11th speeding charge and the City Prosecutor agreed to dismiss the speeding ticket issued May 17th. The matter was continued for sentencing to August 8, 2001. The Court ordered a pre-sentence investigation and directed Appellant to produce proof of employment and details surrounding her possible relocation to Maryland. (Docket Entry, August 6, 2001, August 7, 2001).
 {¶ 5} When Appellant appeared for sentencing the City Prosecutor advised the court that the parties had reached an agreement under Crim.R. 11, that Appellant had pleaded no contest to the charge of speeding, and started to inform the court of the sentencing recommendation. Before the prosecutor could do so, the court interrupted and the following exchange took place:
 {¶ 6} "THE COURT: WE HAD A RULE 11 AGREEMENT. ATTORNEY LIMBIAN STOOD IN FOR YOU WHEN YOU HAD TO LEAVE.
 {¶ 7} "MR. WALTER D. RITCHIE: That's correct, Your Honor.
 {¶ 8} "THE COURT: THE COURT ACCEPTED THE RULE 11 AGREEMENT. THE COURT DID NOT ACCEPT THE SENTENCING PORTION. THE MATTER WAS SET FOR PSI AND SENTENCING. ATTORNEY LIMBIAN MADE A MOTION TO WITHDRAW THE PLEA SINCE HE DID NOT REPRESENT YOU. I CONTINUED IT SO THAT YOU COULD COME BACK.
 {¶ 9} "UPON REVIEWING THE RECORD — THE MOTION TO WITHDRAW IS DENIED — AND INSTEAD OF SETTING IT FOR PSI AND SENTENCING, I HAD TIME TO LOOK AT THE RECORD. YOUR RECORD INDICATES FOUR SUSPENSIONS, SIXTEEN CONVICTIONS IN NUMEROUS LOCATIONS.
 {¶ 10} "YOU PLED TO THE SPEEDING CHARGE, WHICH WAS THE SECOND MOVING VIOLATION WITHIN 12 MONTHS, THE PRIOR ONE BEING FEBRUARY 26 OF THIS YEAR, WHICH MAKES IT A MISDEMEANOR OF THE FOURTH DEGREE, PUNISHABLE BY UP TO 30 DAYS IN JAIL AND A $250 FINE." (Sentencing Tr. pp. 2-3).
 {¶ 11} The trial court then sentenced Appellant to 30 days in jail, suspending all but two days, a $250 fine, also suspended, and five years of non-reporting probation, further directing Appellant to attend a remedial driving course. (Sentencing Tr. pp. 6-7). The court immediately stayed the sentencing pending the perfection of an appeal to this Court. Appellant filed her Notice of Appeal on August 24, 2001.
 {¶ 12} Appellant challenges her conviction and sentence on two grounds. Appellee, the City of Youngstown, did not submit a brief. Accordingly, under App.R. 18(C) this Court may presume the accuracy of Appellant's statement of facts and reverse the matter if her brief reasonably appears to support reversal.
 {¶ 13} In her first assignment of error, Appellant maintains that,
 {¶ 14} "THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S MOTION TO WITHDRAW HER NO CONTEST PLEA."
 {¶ 15} Appellant argues here that the municipal court should have allowed her motion to withdraw her no contest plea since it was made before sentencing. In so contending, Appellant has failed to include the complete record of the actual motion to withdraw the no contest plea or the reasons for requesting to withdraw the plea.
 {¶ 16} Motions seeking to withdraw pleas of "guilty" or "no contest" are governed by Crim.R. 32.1, which provides as follows:
 {¶ 17} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 18} While such a request made before the imposition of sentence is to be granted liberally, it should not be automatically granted. Statev. Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715.
 {¶ 19} This court reviews a trial court's decision on a presentence motion to withdraw a guilty plea for an abuse of discretion. Id. at 526, 584 N.E.2d 715.
 {¶ 20} Factors relevant to whether the trial court abused its discretion in denying a motion to withdraw a plea include: (1) whether the accused was represented by counsel at the time of the plea; (2) whether the accused received a full hearing under Crim.R. 11 before entering his plea; (3) whether the trial court afforded the accused an impartial hearing on his motion to withdraw the plea; and (4) whether the record establishes that the trial court gave full and fair consideration to the plea withdrawal request. State v. Peterseim (1980),68 Ohio App.2d 211, 214, 428 N.E.2d 863.
 {¶ 21} It is clear from the record that Appellant was represented by counsel when she entered her plea of no contest and that she had a full and fair hearing dealing with the motion to withdraw the plea. Thus, Peterseim factors one, three and four have been satisfied in favor of the trial court's decision.
 {¶ 22} It is also clear from the record that Appellant had a hearing to record her no contest plea. We are handicapped in reviewing whether the original plea hearing was full and fair because the record on appeal is incomplete. While Appellant has provided this Court with a transcript of the hearing to withdraw her plea and the sentencing proceedings, we have before us no transcript of the proceedings during which Appellant entered her no contest plea. Therefore, we have no way of determining exactly what occurred at the time the plea was entered.
 {¶ 23} Under App.R. 9(B), Appellant bears the burden of affirmatively demonstrating error on appeal. State v. Barnes, 7th Dist. No. 00 BA 44, 2002-Ohio-1158; citing, Wray v. Parsson (1995),101 Ohio App.3d 514, 518, 655 N.E.2d 1365. Therefore, in presenting her assignments of error to this Court, it is Appellant's duty to provide a transcript for appellate review. Id. Appellant bears the burden of showing error by reference to matters in the record.
 {¶ 24} "When portions of the transcript necessary for resolution of the assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." State v. Hileman (1998), 125 Ohio App.3d 526,528, 708 N.E.2d 1078; see also, Allison v. Daniels, 7th Dist. No. 01 CA 86, 2002-Ohio-5027, at ¶ 67.
 {¶ 25} Here, since the transcript depicting Appellant's Crim.R. 11(E) no contest plea was not provided, we are forced to speculate with respect to the entry of the plea and any agreement that prompted the decision to enter it. We also have no record of a request to withdraw any plea agreement or any reasons given for the request. Given the state of the record, we must presume the trial court acted correctly with regard to Peterseim factor two. We find that all of the Peterseim factors support the trial court's decision, and we must overrule Appellant's first assignment of error.
 {¶ 26} In her second assignment of error, Appellant complains as follows:
 {¶ 27} "THE TRIAL COURT ERRED IN TREATING DEFENDANT/APPELLANT'S SPEEDING CITATION AS A SECOND OFFENSE WITHIN TWELVE (12) MONTHS AND THEREFORE IMPOSING PENALTIES FOR A FOURTH DEGREE MISDEMEANOR."
 {¶ 28} Appellant maintains that the municipal court improperly enhanced her offense to a fourth degree misdemeanor based on a prior speeding conviction, where the citation charging Appellant with the instant speeding offense did not reflect that this was charged as a second offense. We conclude that her argument here has merit.
 {¶ 29} It is undisputed that when a prior offense acts to transform a crime by increasing its degree, the prior offense becomes an element of the crime and must be pled and proven beyond a reasonable doubt. State v. Tamburin (2001), 145 Ohio App.3d 774, 778,764 N.E.2d 503; citing, State v. Allen (1987), 29 Ohio St.3d 53, 53-54,506 N.E.2d 199; State v. Gordon (1971), 28 Ohio St.2d 45, 48,276 N.E.2d 243; and State v. Chaney (1998), 128 Ohio App.3d 100,104, 713 N.E.2d 1118.
 {¶ 30} The record reflects that the municipal court sentenced Appellant based on a sua sponte conclusion that the instant offense was Appellant's second moving violation in one year and, therefore, a fourth degree misdemeanor. Specifically, the court noted that,
 {¶ 31} "YOU PLED TO THE SPEEDING CHARGE, WHICH WAS THE SECOND MOVING VIOLATION WITHIN 12 MONTHS, THE PRIOR ONE BEING FEBRUARY 26 OF THIS YEAR, WHICH MAKES IT A MISDEMEANOR OF THE FOURTH DEGREE, PUNISHABLE BY UP TO 30 DAYS IN JAIL AND A $250.00 FINE." (Sentencing Tr. p. 3).
 {¶ 32} Addressing the use of prior convictions to enhance the degree of current offenses, R.C. 2945.75 requires the following:
 {¶ 33} "(A) When the presence of one or more additional elements makes an offense one of more serious degree:
 {¶ 34} "(1) The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements. Otherwise, such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense.
 {¶ 35} "(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.
 {¶ 36} "(B) Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction."
 {¶ 37} The record in this case demonstrates that there was no compliance with either of the above requirements. Appellant had no notice that the trial court could or would sua sponte enhance the degree of her offense, because the ticket that she received on July 11, 2001, did not reflect that it was her second (in fact, including the ticket she received from the same officer in May, the July citation was actually her third offense) in a one-year period. Moreover, there was nothing presented at sentencing to substantiate the municipal court's finding that Appellant committed a speeding offense in February of 2001 which provided the predicate for the enhancement.
 {¶ 38} R.C. 2945.75 explicitly requires the submission of, "a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case * * *." No such evidence was introduced in this case. While strict adherence to dictates of R.C. 2945.75 is not necessarily required, an enhancement to the degree of an offense must have some reliable evidentiary support. See State v. Harrington, 3rd Dist. No. 8-01-20, 2002-Ohio-2190; and State v. Blonski (1997),125 Ohio App.3d 103, 707 N.E.2d 1168. In the instant case, the municipal court enhanced the degree of offense based exclusively on something that was characterized as "the record," but not introduced or made part of the record of the present proceedings. (Sentencing Tr. p. 2). This characterization is not sufficient for enhancement under R.C. 2945.75.
 {¶ 39} Under the circumstances, this Court concludes that Appellant's second assignment of error has merit. While we overrule Appellant's first assignment of error and affirm in part the judgment entered by the Youngstown Municipal Court, we hereby modify Appellant's conviction from a fourth degree misdemeanor to a minor misdemeanor, vacate Appellant's sentence and remand this matter for resentencing on the petty misdemeanor speeding offense to which Appellant pled.
Donofrio, J., concurs.
DeGenaro, J., concurs; see concurring opinion.