OPINION
{¶ 1} Defendant-appellant, Brian Lee Funkhouser, appeals his conviction in the Belmont County Court, Eastern Division, for assault.
 {¶ 2} On May 20, 2001, Richard Pugh ("Pugh"), the victim, was talking on the phone with his girlfriend, Amy Funkhouser ("Funkhouser"), when someone knocked at his door. When he opened the door, someone struck him the face. He was knocked unconscious, suffering injuries to his nose, eyes, mouth, and cheek.
 {¶ 3} Funkhouser, appellant's sister, gave a verbal statement to police indicating that he had admitted to hitting Pugh.
 {¶ 4} On June 26, 2001, police charged appellant with assault in violation of R.C. 2903.13(A). The case proceeded to a bench trial on December 18, 2001. The trial was continued and recommenced and concluded on January 17, 2002. The trial court entered judgment on January 18, 2002, finding appellant guilty. The court sentenced appellant to one hundred eighty days in jail, supervised probation for two years, a fine of $300, and was ordered to pay restitution. This appeal followed.
 {¶ 5} Appellant's first assignment of error states:
 {¶ 6} "The trial court erred in finding the defendant guilty against the manifest weight of the evidence."
 {¶ 7} Appellant argues that the weight of the evidence does not support his conviction. Specifically, he points to: (1) three alibi witnesses; (2) failure of the victim to identify his assailant; (3) the logistical impossibility of appellant traveling to and from the victim's home in the allotted time; and (4) Funkhouser's lack of credibility.
 {¶ 8} In determining whether a verdict is against the manifest weight of the evidence, a court of appeals must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. "Weight of the evidence concerns `the inclination of the greater amount of credibleevidence, offered in a trial, to support one side of the issue rather than the other.'" (Emphasis sic.). Id. In making its determination, a reviewing court is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial. Id., 78 Ohio St.3d at 390, 1997-Ohio-52,678 N.E.2d 541 (Cook, J., concurring). Still, determinations of witness credibility, conflicting testimony, and evidence weight are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one the syllabus.
 {¶ 9} In this case, the trial court's finding of guilt was not against the manifest weight of the evidence. Evidence was presented that appellant had threatened Pugh in the past. Appellant expressed dissatisfaction with Pugh and Pugh's relationship with Funkhouser. Appellant admitted to Funkhouser that he had assaulted Pugh. Although appellant's counsel raised questions concerning Funkhouser's credibility, that determination was primarily for the court sitting as the trier of fact. Additionally, testimony established that appellant was seen in the area and that he could have made it back home from Pugh's home in adequate time, thereby disputing his alibi defense.
 {¶ 10} Accordingly, appellant's first assignment of error is without merit.
 {¶ 11} Appellant's second assignment of error states:
 {¶ 12} "The trial court abused its discretion in failing to consider the factors set forth in Revised Code §§ 2929.22 and 2951.02
before sentencing defendant/appellant."
 {¶ 13} Appellant has failed to provide a transcript of the sentencing proceeding as required by App.R. 9. This court has repeatedly stressed that it is an appellant's responsibility to provide the court with a record of the facts, testimony, and evidence in support of their assignments of error. Youngstown v. McDonough (Dec. 12, 2000), 7th Dist. No. 00 C.A. 19; Mcready v. Guthrie (June 13, 2000), 7th Dist. No. 99 C.A. 52; Brunswick v. Diana (June 13, 2000), 7th. Dist. No. 99 C.A. 108;Struthers v. Harshbarger (Dec. 27, 1999), 7th Dist. No. 98 C.A. 253, application for reconsideration denied (Oct. 4, 2000), 7th Dist. No. 98 C.A. 253. See, also, Snader v. Job Master Svcs. (2000), 136 Ohio App.3d 86,91, 735 N.E.2d 980.
 {¶ 14} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199, 15 O.O.3d 218, 400 N.E.2d 384. See, also, Snader, supra; State v.Hileman (1998), 125 Ohio App.3d 526, 527-28, 708 N.E.2d 1078.
 {¶ 15} As appellant has not submitted a transcript of the sentencing proceeding, this court cannot determine whether or not the court acted properly within the context of appellant's assignment of error. Therefore, this court has nothing to pass upon and thus, as to this assigned error, the court has no choice but to presume the validity and regularity of the lower court's proceedings.
 {¶ 16} Accordingly, appellant's second assignment of error is without merit.
 {¶ 17} The judgment of the trial court is hereby affirmed.
Judgment affirmed.
Vukovich and DeGenaro, JJ., concur.