OPINION
{¶ 1} Defendant-appellant, William H. Linville, Jr., was charged with driving with a prohibited concentration of alcohol in his blood in violation of R.C. 4511.19(A)(3).
 {¶ 2} Appellant moved to suppress all evidence concerning the results of the breath alcohol test administered to him, claiming the state failed to substantially comply with Ohio Department of Health regulations. The trial court denied appellant's motion and appellant was found guilty as charged following a bench trial.
 {¶ 3} As his sole assignment of error, appellant claims the trial court erroneously denied his motion to suppress. Appellant submits the state failed to demonstrate compliance with applicable department of health regulations, thereby rendering the test results inadmissible.
 {¶ 4} We note that the transcript of proceedings contains only the testimony of the officer who stopped and arrested appellant. Excerpts of the arresting officer's testimony, as well as appellant's own post-hearing memorandum in support of his motion, suggest that other officers testified at the hearing. The state argues that the missing testimony of the other officers would validate the test procedures and demonstrate compliance with department of health regulations.
 {¶ 5} The duty to provide a transcript for appellate review falls upon the appellant since the appellant bears the burden of showing error by reference to matters in the record. Columbus v. Hodge (1987),37 Ohio App.3d 68. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and, thus, have no choice but to presume the validity of the lower court's proceedings and affirm. Id.
 {¶ 6} In the absence of all relevant evidence, a reviewing court must indulge the presumption of regularity of the proceedings and the validity of the judgment in the trial court. State v. Kelly (2001),145 Ohio App.3d 277; State v. Bowman (2001), 144 Ohio App.3d 179. It is appellant's responsibility to include all evidence in the appellate record so that the claimed error is demonstrated to the reviewing court. Statev. Hileman (1998), 125 Ohio App.3d 526.
 {¶ 7} Absent a complete transcript of the proceedings, we presume the regularity of the proceedings below and indulge the presumption that the state substantially complied with applicable department of health regulations.
 {¶ 8} Appellant's sole assignment of error is hereby overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.