DECISION.
{¶ 1} Defendant-appellant David Howard appeals the trial court's judgment convicting him of three counts of robbery in violation of R.C.2911.02(A)(3). For the following reasons, we affirm in part and reverse in part.
{¶ 2} The offenses occurred at the Oasis Flower store on December 6, 2000. Howard entered the store with a woman under the guise of looking for flowers to send to a friend in the hospital. The owner of the flower store, Marsha Geltner, suggested that they send poinsettias and then left them alone so that they could browse through the store. At that time, Howard walked toward the business office in the back of the store. An employee, Jacqueline Cohen, signaled to Geltner that Howard was heading in the direction of the office. Geltner tried to follow Howard into the office, but his female companion blocked her path.
{¶ 3} When Howard came out of the office, Geltner confronted him and flung open his jacket, revealing a cash bag containing $400 that had been stored in a safe in the office. Howard bolted past Geltner towards the door. Another employee, Sandra Hatfield, grabbed Howard's jacket to prevent him from leaving the store. As she grabbed his jacket, he dropped the money and fled.
{¶ 4} Geltner, Hatfield and Cohen chased Howard out of the store. Howard's companion was waiting for him in a parked car. Geltner jumped on the hood of the automobile to keep it from moving, and Cohen grabbed Howard's pants, attempting to prevent him from entering the vehicle. As she was pulling on him, she fell. And when Howard got into the automobile, Hatfield jumped across his lap, trying unsuccessfully to prevent him from giving the car keys to his companion in the driver's seat. Hatfield fell out of the vehicle after it started moving. Though the two store employees suffered scrapes and bruises, no one was seriously injured.
{¶ 5} While Howard was trying to escape, his identification card fell out of his jacket, which led to his eventual arrest. Howard was charged with using force against Geltner, Cohen and Hatfield while fleeing after committing a theft offense. Following a jury trial, Howard was convicted of three counts of robbery in violation of R.C.2911.02(A)(3). The court sentenced Howard to the maximum prison term, five years, on each count, and ordered that the sentences be served consecutively. Bringing forth two assignments of error, Howard now challenges his conviction.
{¶ 6} In his first assignment of error, Howard asserts that the trial court erred in imposing the maximum sentence for robbery. We disagree.
{¶ 7} R.C. 2929.14(C) allows for a maximum term to be imposed on the following offenders: (1) offenders who have committed the worst forms of the offense; (2) offenders who pose the greatest likelihood of recidivism; (3) certain major drug offenders; and (4) certain repeat violent offenders. When imposing the maximum sentence, the trial court must make one of the R.C. 2929.14(C) findings, and it must give reasons supporting its finding.[1]
{¶ 8} Here, the trial court marked on the felony sentencing worksheet that Howard had committed the worst form of the offense and that he posed the greatest likelihood of recidivism. We note that a trial court only has to make one of the R.C. 2929.14(C) findings. Thus, we focus on the finding that Howard posed the greatest likelihood of recidivism, as the trial court provided a reason for that finding that is supported in the record.
{¶ 9} During the sentencing hearing, the trial court noted Howard's extensive criminal history and that Howard had been on probation for a prior offense when he had committed the robberies at issue. Because the trial court gave an appropriate reason supporting its finding that Howard posed the greatest likelihood of re-offending, it properly imposed the maximum sentence. Accordingly, the first assignment of error is overruled.
{¶ 10} In his second assignment of error, Howard contends that trial court erred in ordering that the maximum sentences be served consecutively. He argues that the convictions should have instead been merged for sentencing pursuant to R.C. 2941.25, because the three robberies were allied offenses of similar import. We are constrained to agree.
{¶ 11} R.C. 2941.25(A) prohibits multiple convictions for allied offenses of similar import and provides that "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." But R.C.2941.25(B) allows multiple convictions for allied offenses when the defendant's "conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each * * *."
{¶ 12} A two-step inquiry determines whether offenses are allied and of similar import: (1) do the elements of the offenses correspond to such a degree that commission of one results in commission of the other; and (2) were the offenses part of the same conduct, or was there a separate animus for each crime?[2]
{¶ 13} With respect to the first step of the analysis, the elements of the offenses have to be compared in the abstract.[3] Here, Howard was convicted three separate times under the same criminal statute. Accordingly, as the elements of each robbery charged in the indictment were identical, the first step of the analysis is satisfied.
{¶ 14} We now turn to the second step of the analysis. Here, although each robbery involved the use of force against three different people, the prosecution relied on the same conduct to support Howard's conviction. The evidence demonstrated that Howard entered the flower shop office, took money from the safe, and ran out of the store with the three employees chasing him. Each employee simultaneously tried to prevent him from entering his vehicle and driving away. There was not a distinct act of force against each employee.[4]
{¶ 15} Further, each offense was not committed with a separate animus. It is well-settled that when an offender robs different victims of different property in a short period of time, he can be convicted of each robbery because there is a separate animus for each offense, i.e., a separate victim.[5] Here, there was not more than one theft. Howard's sole animus was to steal money from the flower store; he did not also attempt to steal from each of the employees in the store. Accordingly, as the offenses were not separated by time or conduct, and as there was only a single animus underlying the three charged offenses, we hold that Howard's three convictions for robbery involved allied offenses of similar import and must be merged into one conviction with one sentence. While the trial court could have properly found Howard guilty of the three offenses, it should have only sentenced him on one. The second assignment of error is sustained.
{¶ 16} Therefore, the judgment of the trial court is affirmed in part with respect to the findings of guilt, but the multiple sentences are vacated, and this cause is remanded for resentencing pursuant to our holding on the second assignment of error.
Judgment affirmed in part, sentences vacated and cause remanded.
Doan, P.J., Hildebrandt and Gorman, JJ.
[1] See R.C. 2929.19(B)(2)(d) and (e); State v. Edmonson,86 Ohio St.3d 324, 328-329, 1999-Ohio-110, 715 N.E.2d 131.
[2] See State v. Blankenship (1988), 38 Ohio St.3d 116, 117,526 N.E.2d 816.
[3] State v. Rance, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699, paragraph one of the syllabus.
[4] See State v. Bybee (1999), 134 Ohio App.3d 395, 731 N.E.2d 232.
[5] State v. Hughley (1984), 20 Ohio App.3d 77, 484 N.E.2d 1061; see also Committee Comment to Am.Sub.H.B. No. 511 ("a thief who * * * steals different property from three separate victims in the space, say of 5 minutes, can be charged with and convicted of all three thefts * * * the same offense is committed against three different victims, i.e., with a different animus as to each offense").