DECISION. *Page 2 
{¶ 1} In his single assignment of error, defendant-appellant Theodore R. Harmon asserts that the trial court erred in imposing a three-year term of imprisonment for violating the terms of a community-control sanction imposed in May 2005. The gravamen of Harmon's argument is that the trial court failed to apply the sentencing law in effect prior to the release of the Ohio Supreme Court's decision in State v.Foster[1] to his July 2007 sentencing proceedings.
 {¶ 2} In 2005, Harmon had entered pleas of guilty to two counts of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.0322(A)(1). These offenses were punishable as fourth-degree felonies; the maximum prison term that could have been imposed for each offense was 18 months.[2] Rather than imposing a prison term, the trial court imposed a five-year community-control sanction and informed Harmon that if he violated the terms of his community control, it would impose a three-year prison sentence.[3]
 {¶ 3} In 2007, following a hearing, the trial court found that Harmon had violated conditions of the community-control sanction because, inter alia, Harmon had been convicted of criminal enticement in Lucas County, Ohio. At the conclusion of the hearing, the trial court stated that it would impose a three-year term of imprisonment.[4]
 {¶ 4} This sentence would have been permissible if the trial court had imposed consecutive 18-month sentences for the two offenses. But the judgment entry indicated *Page 3 
that the sentence imposed for each of the two fourth-degree-felony pandering counts would be a three-year period of confinement.
 {¶ 5} A court of record speaks only through its journal entries.[5]
And because the trial court's judgment entry indicates that the court imposed three year's confinement as a sentence for each fourth-degree-felony count of pandering — a sentence "outside the statutory range" — the sentence was void ab initio.[6]
 {¶ 6} Where the sentence imposed is void, the Ohio Supreme Court recently noted that "the judgment is a mere nullity and the parties are in the same position as if there had been no judgment."[7] The court held that the proper remedy for a void sentence is to vacate the sentence and to remand the matter to the trial court for resentencing.[8] Therefore, we do not reach the merits of Harmon's assignment of error but we vacate the sentence and remand the cause to the trial court for resentencing.
Sentence vacated and cause remanded.
HILDEBRANDT, P. J., PAINTER and CUNNINGHAM, JJ.
[1] See State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470.
[2] See R.C. 2929.14(A)(4).
[3] See R.C. 2929.19(B)(5) and 2929.15(B); see, also, State v.Brooks, 103 Ohio St.3d 134, 2004-Ohio 4746, 814 N.E.2d 837, paragraph two of the syllabus.
[4] See R.C. 2929.15(B).
[5] State ex rel. Plain Dealer Publishing Co. v. Floyd,111 Ohio St.3d 56, 2006-Ohio-4437, 855 N.E.2d 35, at ¶ 28.
[6] State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642,873 N.E.2d 306, fn. 3; see, also, R.C. 2929.14(A)(4).
[7] State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197,884 N.E.2d 568, at ¶ 19, quoting State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250,868 N.E.2d 961, at ¶ 12, and Romito v. Maxwell (1967),10 Ohio St.2d 266, 267-268, 227 N.E.2d 223.
[8] See State v. Simpkins at ¶ 22. *Page 1