OHIO DIVISION OF WILDLIFE, Appellee,

v.

KENDRICK, Appellant.

[Cite as *Ohio Div. of Wildlife v. Kendrick,* 180 Ohio App.3d 662, 2009-Ohio-380.]

Court of Appeals of Ohio,
Fourth District, Gallia County.

No. 08CA5.

Decided Jan. 23, 2009.

Daryl Keith Rubin, for appellant.[1]

HARSHA, Judge.

█ {¶ 1} In 1993, Ronald L. Kendrick pleaded guilty to 35 hunting-related violations of the Revised Code. Nearly 15 years later, he filed a collateral attack on the portion of the trial court's sentence that permanently revoked his right to obtain a hunting or fishing license. Kendrick contends that this portion of his sentence is void because under R.C. 1533.68, as it existed at the time of his arrest, the trial court lacked subject-matter jurisdiction to permanently revoke these licenses. We reluctantly agree. Under the holding in *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, if a court substitutes a different sentence for that which is required by law, such a sentence is wholly unauthorized and void. Accordingly, we reverse the trial court's denial of Kendrick's motion to vacate that portion of his sentence and remand this matter for resentencing.

## I. Facts

{¶ 2} On January 25, 1993, the Ohio Division of Wildlife ("Wildlife Division") charged Kendrick with committing 42 violations of the Revised Code: 24 counts of taking or possessing deer, in violation of R.C. 1531.02; three counts of taking wild turkey, in violation of R.C. 1531.02; eight counts of jacklighting, in violation of R.C. 1533.161; and seven counts of possessing or discharging a loaded firearm while in a vehicle, in violation of R.C. 2923.16.

{¶ 3} Kendrick pleaded guilty to 35 of the charges. In exchange, the Wildlife Division dismissed the seven firearm-related charges and agreed to file no other criminal charges in the matter. The trial court found Kendrick guilty of the 35 charges and entered its judgment on April 22, 1993. The court ordered Kendrick to pay a fine, various costs, and restitution. The court further sentenced Kendrick to jail time, to a period of probation, and to participate in community-service programs. Kendrick also forfeited his firearm. In addition to these penalties, the trial court stated that Kendrick forfeited "the right to have a hunting and/or fishing license for his lifetime excepting that after 15 years of such forfeiture/suspension he shall have the right to petition the State for a reinstatement of those rights so long as he is not convicted of any subsequent Division of Wildlife violations of State law and if there are no violations then the reinstatement shall be granted."

---

1. The Ohio Division of Wildlife did not file an appellate brief and has not otherwise entered an appearance in this appeal.

{¶ 4} Kendrick did not file a direct appeal of his sentence. Instead, he filed a "Motion to Vacate and Modify Sentence in Part" in the trial court on January 22, 2008, nearly 15 years after the court's judgment. Kendrick argued that the portion of the trial court's sentence that permanently revoked his right to obtain a hunting or fishing license was void. He asked the court to vacate that portion of his sentence and to modify his sentence to provide for a three-year suspension of those rights. After the trial court denied his motion, Kendrick filed this appeal.

## II. Assignment of Error

{¶ 5} Kendrick raises one assignment of error:

The trial court erred in failing to correct the prior void sentencing order to comply with sentencing criterion as they existed on April 22, 1993.

## III. Void Sentence

{¶ 6} Kendrick contends that the trial court erred by denying his motion to vacate and modify the portion of his sentence permanently revoking his right to obtain a hunting or fishing license. Specifically, Kendrick contends that this portion of his sentence is void because the trial court did not have the authority to permanently revoke these rights.

{¶ 7} Because the Wildlife Division failed to file an appellate brief or otherwise make an appearance in this appeal, we are authorized to accept Kendrick's statement of the facts and issues as correct and to reverse the trial court's judgment, so long as Kendrick's brief reasonably appears to sustain such an action. App.R. 18(C). However, in the interest of justice, we will review the merits of his assignment of error.

{¶ 8} A void judgment or sentence is "one that a court imposes despite lacking subject-matter jurisdiction or the authority to act." *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27, citing *State v. Wilson* (1995), 73 Ohio St.3d 40, 44, 652 N.E.2d 196. The authority to vacate a void judgment "constitutes an inherent power possessed by Ohio courts." *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, at paragraph four of the syllabus. Such a judgment may be challenged at any time, directly or collaterally. See *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11.

{¶ 9} Although the Supreme Court of Ohio has "commonly [held] that sentencing errors are not jurisdictional and do not necessarily render a judgment void," the court has recognized an exception when a court fails to "impose a sentence as required by law." *Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 13. The court has noted that the underpinning of its decisions from *State v.*

*Beasley* (1984), 14 Ohio St.3d 74, 14 OBR 511, 471 N.E.2d 774, to *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, "is the fundamental understanding that no court has the authority to substitute a different sentence for that which is required by law." *Simpkins* at ¶ 20, citing *Colegrove v. Burns* (1964), 175 Ohio St. 437, 438, 25 O.O.2d 447, 195 N.E.2d 811. " 'If an act is *unlawful* it [is] not erroneous or voidable, but it is wholly unauthorized and void.' " (Emphasis sic.) Id. at ¶ 21, quoting *State ex rel. Kudrick v. Meredith* (1922), 24 Ohio N.P.(N.S.) 120, 124, 1922 WL 2015, *3.

{¶ 10} Kendrick contends that the trial court exceeded its legal authority by revoking his right to obtain a hunting or fishing license for an impermissible period of time under R.C. 1533.68, as it existed at the time of his arrest. The trial court convicted Kendrick for multiple violations of R.C. 1531.02 and 1533.61. His violations of R.C. 1531.02 involved deer and wild turkey. At the time of his arrest, R.C. 1533.68 contained provisions regarding the suspension or revocation of a license for violations of R.C. 1531.02, but not 1533.161.[2] Former R.C. 1533.68(A) required that the trial court suspend the license of any person convicted for taking or possessing a deer, in violation of R.C. 1531.02, for three years after the date of conviction. In the case of a conviction for taking or possessing any other wild animal, in violation of R.C. 1531.02, former R.C. 1533.68(B) required that the trial court suspend the person's license for "[n]ot more than three years after the date of conviction."[3]

{¶ 11} Given that the longest suspension permitted under former R.C. 1533.68 for Kendrick's statutory violations was three years, the trial court's lifetime revocation of Kendrick's right to obtain a hunting or fishing license was necessarily an instance where the court "substitute[d] a different sentence for that which [was] required by law." See *Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 20. Under the rationale of *Simpkins,* such a sentence is "wholly unauthorized and void." Because the portion of Kendrick's 1993 sentence that permanently revoked his right to obtain a hunting or fishing license is void, the trial court should have granted Kendrick's subsequent motion to vacate and modify his sentence in part.

{¶ 12} Accordingly, we sustain Kendrick's sole assignment of error. We remand this matter for resentencing according to law and consistent with this

---

**2.** In a subsequent amendment to R.C. 1533.68, the legislature included a catchall provision for violations of Chapters 1531 and 1533 of the Revised Code not already provided for in the statute. See R.C. 1533.68(D).

**3.** The statute was later amended to make these penalties discretionary. See R.C. 1533.68.

opinion.[4]

Judgment reversed
and cause remanded.

ABELE and McFARLAND, JJ., concur.

---

4. The Supreme Court of Ohio's rationale in *Simpkins* appears to be a step backwards from the reasoning it adopted in *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992. See *Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at ¶ 39–52 (Lanzinger, J., dissenting). Thus, we are unable to reconcile *Simpkins* with the court's discussion of void and voidable judgments in *Pratts*. Because of our concern that under *Simpkins*, "any error would deprive the court of subject-matter jurisdiction and subject a judgment to collateral attack because the court has technically exceeded its legal authority," we reluctantly apply it to this case. See *State v. Sparks*, 178 Ohio App.3d 272, 2008-Ohio-4664, 897 N.E.2d 712, ¶ 15 (Harsha, J., concurring). While we might attempt to distinguish *Simpkins* and the "narrow vein of cases" it relies upon, because they deal with the failure to impose a statutorily mandated term rather than simply imposing a term that exceeds the statutory maximum, we believe such an approach would be sophistry. Clearly the trial court in 1993 imposed "a sentence that is unauthorized by law." *Simpkins* at ¶ 21. Thus, "the sentence is unlawful. 'If an act is *unlawful* it is not erroneous or voidable, but it is wholly unauthorized and void.'" (Emphasis sic.) Id. at ¶ 21, quoting *Kudrick*, 24 Ohio N.P.(N.S.) 120, 124, 1922 WL 2015, *3.