[Cite as *State v. Smith*, 2014-Ohio-4548.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | APPEAL NO. C-130455 |
| | | TRIAL NO. B-1206906 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| MARQUIS SMITH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Sentence Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  October 15, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bruce Hust,* for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**CUNNINGHAM, Presiding Judge.**

{¶1}    Defendant-appellant Marquis Smith appeals from the judgment of the Hamilton County Court of Common Pleas convicting him of trafficking in drugs, aggravated trafficking in drugs, and tampering with evidence.  Because the trial court was without authority to impose a driver's license suspension as part of Smith's tampering-with-evidence sentence, we vacate that part of his sentence and remand the cause for the trial court to enter a corrected judgment of conviction.

## I.  Background Facts

{¶2}    Smith was indicted on seven counts related to criminal activity that allegedly took place on October 10 and 11, 2012.  After a bench trial, he was found guilty of all five counts arising from the October 11 incident, which included several drug offenses and the offense of tampering with evidence, but not guilty of the two counts arising from the incident on October 10.  The trial court merged some of the drug counts, resulting in convictions for drug trafficking, aggravated drug trafficking, and tampering with evidence, and sentenced Smith accordingly.

{¶3}    With respect to each drug offense, the trial court imposed a five-year prison term and a three-year driver's license suspension.  With respect to the tampering offense, a violation of R.C. 2921.12(A)(1), the court imposed a 24-month term of incarceration and imposed a three-year driver's license suspension.

## II. Analysis

{¶4}    In his sole assignment of error, Smith argues that his tampering-with-evidence sentence was contrary to law because the driver's license suspension was not an authorized penalty for the offense.  We agree.

{¶5}    "Crimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided for by statute."  *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964); *see State v. Harris*, 132 Ohio

St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 15; *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 23; *State v. Purdy*, 1st Dist. Hamilton No. C-010206, 2001 Ohio App. LEXIS 5036 (Nov. 9, 2001). The trial court was authorized, and actually required, to impose driver's license suspensions as part of Smith's sentences for the trafficking offenses. *See* R.C. 2925.03(D)(2) and (G). But the state concedes, and we agree, that no statute authorized the court to impose a driver's license suspension as part of the tampering-with-evidence sentence.

{¶6} Thus the trial court, in sentencing Smith for tampering with evidence, had no authority to suspend his driver's license. That part of Smith's sentence is void. *Harris* at ¶ 14-15, overruling *State v. Thomas*, 1st Dist. Hamilton Nos. C-090716 and C-090463, 2010-Ohio-4856, and *State v. Fain*, 188 Ohio App.3d 531, 2010-Ohio-2455, 936 N.E.2d 93 (1st Dist.). Accordingly, we sustain the assignment of error.

### III. Conclusion

{¶7} Because the trial court was without authority to impose a driver's license suspension as part of Smith's tampering-with-evidence sentence, we vacate that part of Smith's sentence and remand the cause to the trial court to enter a judgment of conviction consistent with law and this opinion. In all other respects, we affirm the trial court's judgment.

Affirmed in part, sentence vacated in part, and cause remanded.

**HILDEBRANDT** and **FISCHER, JJ.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.